NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMETERIO RODRIGUEZ-CORTEZ, | No. 19-73206 |
| Petitioner, | Agency No. A088-715-722 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022**
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and HELLERSTEIN,***
District Judge.

Emeterio Rodriguez-Cortez ("Petitioner"), a native and citizen of Mexico,

seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

the denial by an immigration judge ("IJ") of Petitioner's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We deny the petition.

1. Petitioner argues he is entitled to withholding of removal because, if he returns to Mexico, he will be persecuted by the Knights Templar on account of his ties to his family. The BIA rejected that argument, holding that Petitioner had failed to establish a nexus between the alleged persecution and any protected ground. The BIA pointed to evidence in the record that suggests that the Knights Templar are motivated by a desire to enrich themselves and would not target Petitioner on account of his family status. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). For example, Petitioner testified before the IJ that the Knights Templar generally extorted anyone in his community who refused to pay a "quota." Because the record does not the compel the conclusion that Petitioner would be targeted due to his family status, we must affirm the BIA's denial of

Petitioner's application for withholding of removal.

2. Petitioner also seeks protection under CAT, arguing that he is likely to be tortured or killed if he returns to Mexico. In assessing a CAT claim, the agency "must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc); *see also* 8 C.F.R. § 1208.16(c)(3)(ii). The BIA held that any threat Petitioner faces from the Knights Templar is localized to the area around his hometown and that Petitioner could relocate within Mexico to avoid that threat. Accordingly, the BIA decided that Petitioner had not met his burden of showing it was "more likely than not" he would be killed or tortured if he returns to Mexico. 8 C.F.R. § 1208.16(c)(2). On appeal, Petitioner has failed to explain how the record compels the conclusions that Petitioner would be unable to relocate within Mexico or that he would face any significant threat from the Knights Templar if he did so. Petitioner's challenge to the BIA's denial of his application for CAT relief therefore fails.

**PETITION DENIED.**